UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  5:18-cv-01245-SHK                                         Date: April 13, 2020

Title:  *M.A.M. v. Andrew M. Saul, Commissioner of Social Security*

---

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

|  D. Castellanos  |  Not Reported  |
|---|---|
|  Deputy Clerk  |  Court Reporter  |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present                                                              None Present

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE WHY MOTION FOR ATTORNEY FEES SHOULD NOT BE DENIED**

On February 24, 2020, the Court remanded this matter to the Commissioner of Social Security ("Defendant") for further administrative proceedings. Electronic Case Filing Number ("ECF No.") 38, Opinion and Order; ECF No. 39, Judgment. On April 8, 2020, counsel for Plaintiff M.A.M.[1] ("Plaintiff" or "Counsel") moved for attorney's fees ("Motion") in accordance with the Equal Access to Justice Act ("EAJA"). ECF No. 40, Motion. Plaintiff, however, failed to certify that she conferred with Defendant prior to filing her Motion as Central District of California Local Rule ("L.R.") 7-3 requires. Specifically, L.R. 7-3 states:

> In all cases . . . , counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution . . . at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution with eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Accordingly, Plaintiff is **ordered to show cause in writing by April 27, 2020**, why her Motion should not be denied for failure to comply with L.R. 7-3. Plaintiff can comply with this

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this case.

order by either: (1) submitting a certification that she met and conferred with Defendant on a specific date and time, was unable to resolve the issue underlying her Motion, and therefore stands on her original Motion, or (2) submitting a Stipulated EAJA Fee Petition ("Stipulation"), with an attached proposed order that clearly states that, in addition to EAJA fees being awarded to Plaintiff, the Original Motion is Denied as moot.

Plaintiff is warned that failure to timely comply with this Order may result in the Motion being DENIED for failure to follow Court orders and the local rules. Plaintiff is further warned that extensions of time to comply with this Order will be granted sparingly and only for good cause shown.

**IT IS SO ORDERED.**